**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**November 9, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROYCE GILREATH,

        Plaintiff-Appellant,

v.

L-M FUNDING LLC, A Kansas
Limited Liability Company;
ROXANNE MITCHELL; DAVID
MITCHELL; MARGEE HAMILTON;
JIMMY HAMILTON; EVELYN
HAMILTON; SEBRING CAPITAL
CORPORATION, A Delaware
Corporation; CLIFFORD WILEY;
JOANN BUTAUD,

        Defendants,

        and

BANK ONE, National Association, as
Trustee,

        Defendant-Appellee.

No. 06-3132

(D.C. No. 05-CV-2282-KHV)

(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY, McKAY,** and **LUCERO**, Circuit Judges.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Royce Gilreath, proceeding pro se, appeals the district court's determination that his complaint is barred by the *Rooker-Feldman* doctrine as well as its denial of his motion to amend his complaint to add additional defendants and new claims. Mr. Gilreath originally filed a breach of contract and Kansas Consumer Protection Act claim in Kansas state court against L-M Funding, LLC ("LMF") after a failed land deal. The trial court awarded LMF summary judgment, but the Kansas Court of Appeals found trial necessary to resolve issues of fact, specifically whether Mr. Gilreath knowingly authorized his attorney, defendant Clifford Wiley, to cancel the contract.[1] Mr. Gilreath then amended his state court complaint a third time to add, *inter alia*, defendant Bank One. The trial court granted Bank One's motion for summary judgment, as Mr. Gilreath had not alleged any claims against it. At a subsequent bench trial, Mr.

---

[1] Appellant believes, incorrectly, that the Kansas Court of Appeals determined, as a matter of law, that "since Plaintiff did not know of the contents of the letter that Mr. Wiley sent to L-M Funding, and Plaintiff did not informed [*sic*] L-M Funding that Mr Wiley was his agent, thus was not authorized to cancel plaintiff contract." (Appellant Br. at 3, 3a.) Appellant is fundamentally mistaken regarding the Kansas Court of Appeal's decision. Rather, that court found that no uncontroverted evidence supported LMF's position.

Gilreath presented no evidence, and the trial court ruled in favor of the remaining defendants. The Kansas Court of Appeals affirmed this decision.

Appellant then filed an action in federal district court asserting that the Kansas state court decision violated his constitutional due process rights and constitutional rights to contract.[2] A magistrate judge recommended that the motion to amend be denied and the case dismissed for failure to meet even the liberal pleading requirements of Fed. R. Civ. P. 8(a). Over Appellant's objection, the district court adopted the magistrate judge's report and recommendation.

---

[2] Appellant's complaint lists the following claims:

Plaintiff claim 1
That defendants Jimmy Hamilton, Margee Hamilton, Evelyn Hamilton and Bank One have yet to show that plaintiff pleading in his third amended petition required plaintiff to elect a remedy, thus for the state courts to order plaintiff to elect was error.

Plaintiff claim 11
Plaintiff was denied his due process of finality of a Judgment or decision of a competence court thus deprived plaintiff of his U.S.C.A. 14; especially since the stateappeal court in Gilreath 1 had made afinal decision in regards to the two attorney having authority to write letters to cancel the contract.

Plaintiff count 111
Plaintiff paid #4,000,00 dollars earnest money after signing the contract with Dave Landis, of L-M Funding, however the contract fail but plaintiff have not receive his earnest money back which is inconstant with what the contract state. Plaintiff contends that this is another mean by the state courts of impairing the oblig- of a contract, which violate provisions of the federal constitution.

(Compl., Appellee's App. at 18 (errors in original).)

The district court denied Appellant's motion to amend on grounds of futility. It determined that Appellant failed adequately to allege any circumstances justifying the federal statutory discrimination claims against the numerous additional defendants, all of whom were attorneys that represented either Appellant or defendants in the state court action. The district court also granted the defendants' motion to dismiss for lack of subject matter jurisdiction. First, it found that complete diversity was absent where nine of eleven defendants were residents of the same state as Appellant. Second, the district court concluded that Appellant's federal claims were, under the *Rooker-Feldman* doctrine, an impermissible attempt to seek review of a fully adjudicated state court judgment.

We review the district court's dismissal for lack of subject-matter jurisdiction *de novo*. *See Kenmen Eng'g v. City of Union*, 314 F.3d 468, 473 (10th Cir. 2002). The *Rooker-Feldman* doctrine operates as a jurisdictional limit on federal courts, precluding "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (stating that *Rooker-Feldman* doctrine prevents "a party losing in state court . . . from seeking what in substance would be appellate review of [a] state judgment in a

United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights").

Based on our careful review of the parties' briefs and the record on appeal, including Appellant's complaint and proposed amendment thereto, we conclude that the district court properly dismissed this action for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. Appellant's claims clearly seek reversal of the state courts' final resolution of this action. His attempt to add to his federal action the lawyers who appeared in the state court proceedings only reinforces our conclusion. *Cf. Tal v. Hogan*, 453 F.3d 1244, 1257 (10th Cir. 2006) (noting that the "addition of new defendants in federal court . . . does not change the nature of the underlying state court ruling"). Accordingly, the district court's dismissal of the complaint for lack of subject matter jurisdiction is **AFFIRMED**.

Entered for the Court


Monroe G. McKay
Circuit Judge